# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

BRYAN SANDOVAL,

        Plaintiff,

v.                                                                   No. CIV 13-713 MCA/WPL

STATE OF NEW MEXICO,

        Defendant.

## ORDER GRANTING MOTION TO AMEND COMPLAINT

This matter is before me on Bryan Sandoval's Motion to Amend Complaint. (Doc. 11.) In his motion, Sandoval requests to add certain jurisdictional statutes to his complaint by applying those statutes listed in the motion to the original complaint. (*See id.*) Rule 15(a) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading . . . with the . . . court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2).

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. According to *Newman-Green*, § 1653 "addresses only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989); *see also Brennan v. Univ. of Kan.*, 451 F.2d 1287, 1289 (10th Cir. 1971); *Kitchen v. Burlington N. & Sante Fe Ry. Co.*, 298 F. Supp. 2d 1193, 1207 (D.Kan. 2004). Sandoval seeks to add jurisdictional statutes where lacking in the original complaint, not change his factual allegations

so that the Court has jurisdiction. (*See* Doc. 11.) Because Sandoval is proceeding *pro se*, I will construe pleadings liberally and treat his motion as an amendment to the original complaint. *See Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

    IT IS SO ORDERED.

                                                    _____
                                                  William P. Lynch
                                                  United States Magistrate Judge